**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>DARYL FRED HELLER,<br><br>Debtor. | Case No. 25-11354 (JNP)<br><br>Chapter 7 |
| RANDALL LEAMAN,<br><br>Plaintiff,<br><br>v.<br><br>DARYL FRED HELLER; FRED STEVENS, CHAPTER 7 TRUSTEE FOR THE ESTATE OF DARYL FRED HELLER,<br><br>Defendants. | Adv. Pro. No. 26-1014<br><br>Judge: Jerrold N. Poslusny, Jr. |

**<u>Memorandum Decision Related to Trustee's Motion to Dismiss</u>**

**JERROLD N. POSLUSNY, JR., U.S. Bankruptcy Judge**

Fred Stevens ("Defendant") filed a motion to dismiss (the "Motion") Randall Leaman's ("Plaintiff") amended complaint seeking a declaratory judgment that Plaintiff owned 30% of the property located at 7605 Pleasure Avenue, Sea Isle City, New Jersey (the "Property"),[1] and turnover of $125,000 of sale proceeds of the Property pursuant to section 550 of Title 11 of the United States Code (the "Bankruptcy Code"). Dkt. No. 7. For the reasons discussed below, the Motion will be granted, in part, and denied, in part, but Plaintiff will be allowed leave to file an amended complaint.

[1] The Complaint states the Property address is 605 Pleasure Avenue. The Court assumes this is a typographical error and that the correct address is 7605 Pleasure Avenue. <u>See</u>, <u>e.g.</u>, Case No. 25-11354 (the "Main Case"), Dkt. Nos. 1 (Petition); 72 (Schedule A/B), 73 (Motion to Sell the Property).

## Background

Plaintiff and Daryl Fred Heller ("Debtor") purchased the Property pre-petition as an investment, and title was taken by Plaintiff and Debtor as tenants in common with Plaintiff owning 24% and Debtor owning 76%. Dkt No. 4. Later, Plaintiff and Debtor agreed to increase Plaintiff's ownership interest to 30%. Id. Plaintiff and Debtor asked their attorney to prepare and record a corrective deed (the "Corrective Deed") reflecting Plaintiff's increased ownership, but the Corrective Deed was never recorded. Id. However, the affidavit of consideration (the "Affidavit") filed with and attached to the original deed indicated that Plaintiff owned 30% of the Property, while Debtor owned 70%. Dkt. No. 9-1.

On February 10, 2025, (the "Petition Date") Debtor filed his Chapter 11 petition. Main Case Dkt. No. 1. After the Petition Date, the Court approved a sale of the Property. Dkt. No. 4. Pursuant to the Court's Order approving the sale, Main Case Dkt. No. 169, Plaintiff received net proceeds commensurate with his original 24% ownership interest, and the amount reflecting the disputed 6% ownership interest ($125,000) was to be placed in trust and held by McManimon, Scotland, and Baumann, LLC. Dkt. No. 4.

Plaintiff then commenced this adversary proceeding on January 19, 2026, Dkt. No. 1, and filed an amended complaint (the "Complaint") adding Defendant as a party after the case converted to Chapter 7. Dkt. No. 4. The Complaint seeks the following relief: (1) that the Court declare that Plaintiff was a 30% owner of the Property at the time of sale and that $125,000 of the amount in the trust account should be turned over to Plaintiff ("Count One"); and (2) that the Trustee turnover the $125,000 to Plaintiff ("Count Two"). Id. In response, Defendant filed the Motion arguing the Complaint fails to state a claim. Dkt. No. 7.

The Motion argues that: (1) Plaintiff failed to plead sufficient facts to establish that the Corrective Deed is enforceable under New Jersey's statute of frauds; (2) there was no consideration

for the additional 6% ownership interest; (3) pursuant to his statutory standing under section 544 of the Bankruptcy Code, Defendant is deemed a bona fide purchaser for value ("BFP") of Debtor's recorded 76% interest as of the Petition Date; and (4) Plaintiff has no standing to assert turnover of the sale proceeds held in trust pursuant to section 550 of the Bankruptcy Code. Id.

Plaintiff's objection argues that: (1) sections 550(b) and 363(h)-(j) of the Bankruptcy Code provide Plaintiff standing to require turnover of the sale proceeds held in trust; (2) the Corrective Deed is not subject to the Defendant's strong-arm powers under the Bankruptcy Code because it did not transfer any title or interest in the Property; (3) the Corrective Deed was validly executed and did not require recordation; (4) there was consideration for the Corrective Deed; and (5) the exchange was supported by fair consideration. Dkt. No. 9. Defendant's reply reemphasized his status as a BFP by virtue of being the bankruptcy trustee. Dkt. No. 11. At a hearing held on July 21, 2026, at which all parties appeared, Defendant again advanced his previous arguments. Plaintiff countered by arguing that a BFP would have been placed on inquiry notice of a contradiction in ownership interest by virtue of the Affidavit and, as such, would have an obligation to inquire as to the Plaintiff's true ownership interest.

The Court addresses Defendant's arguments in the order they were presented.

**Jurisdiction**

This Court has jurisdiction under 28 U.S.C. §§ 1334, 157(a), (b), as well as the Standing Order of Reference issued by the United States District Court for the District of New Jersey on July 23, 1984, as amended. Venue is proper in this Court under 28 U.S.C. § 1409. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (O).

## Discussion

### A. Rule 12(b) Standard to Dismiss

To survive a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), made applicable by Bankruptcy Rule 7012, the Complaint must set forth "[f]actual allegations . . . to raise a right to relief above the speculative level . . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). That is to say, the pleading must present "enough fact to raise a reasonable expectation that discovery will reveal evidence of [the claims asserted]." Id. at 556. Moreover, in assessing whether the Complaint sets forth sufficient factual allegations, the Court must "accept as true all of the allegations contained in [the Complaint,]" but may disregard any legal conclusions. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The Court must also construe the factual allegations contained in the Complaint "in the light most favorable to [Plaintiff] and "ascertain whether [Plaintiff states] a claim on which relief can be granted." Papasan v. Allain, 478 U.S. 265, 283 (1986). Furthermore, "[i]n deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010) (citing Pension Ben. Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993)). Defendant bears the burden of "showing [that the Complaint] fails to state a claim." In re Plavix Mktg., Sales Pracs. & Prods. Liab. Litig. (No. II), 974 F.3d 228, 231 (3d Cir. 2020). "[I]f a complaint is vulnerable to 12(b)(6) dismissal, a [bankruptcy] court must permit a curative amendment, unless an amendment would be inequitable or futile." Phillips v. Cnty. of Allegheny, 515 F.3d 224, 236 (3d Cir. 2008) (citing Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002)) (internal citation omitted).

To evaluate a complaint in light of a motion to dismiss, the Court must complete a two-part analysis to determine whether dismissal is proper. First, the Court must "distinguish between

factual allegations and legal conclusions in the complaint." Culinary Serv. of Del. Valley, Inc. v. Borough of Yardley, 385 Fed. App'x. 135, 140 (3d Cir. 2010) (citing Phillips, 515 F.3d at 233-34; Iqbal, 556 U.S. at 678-84). "[S]econd, if the complaint sets forth well-pleaded factual allegations, [a court] may assume their veracity and draw inferences favorable to the non-moving party, but then must determine whether the factual allegations show an entitlement to relief." Id.

B. Statute of Frauds

Defendant first argues that Count One of the Complaint should be dismissed because there is no writing between Debtor and Plaintiff to evidence the transaction. Dkt. No. 7. Defendant relies on the New Jersey statute of frauds which states in relevant part that:

> (a) A transaction intended to transfer an interest in real estate shall not be effective to transfer ownership of the interest unless:
>
> > (1) a description of the real estate sufficient to identify it, the nature of the interest, the fact of the transfer and the identity of the transferor and the transferee are established in a writing signed by or on behalf of the transferor . . .
>
> (b) A transaction which does not satisfy the requirements of this section shall not be enforceable except as an agreement to transfer an interest in real estate under section 4 of this act.

N.J.S.A § 25:1-11. The Complaint alleges that Debtor and Plaintiff intended the Corrective Deed to govern ownership of the Property, which is further evident by Plaintiff and Debtor mutually requesting the Corrective Deed. Dkt. No. 4. Therefore, the statute of frauds does not apply because "the statute of frauds was enacted for the protection of the party sought to be charged, and is not available to strangers to the agreement." Est. of Hammerle v. Dir., Div. of Tax'n, 22 N.J. Tax 342, 348 (2005) (quoting Zwaska v. Irwin, 52 N.J. Super. 27, 33 (Ch. Div. 1958)). "If the parties to a contract are willing to waive the statute's requirements, a stranger to the contract cannot object." Id. (citing Zwaska, 52 N.J. Super. at 33). Because Plaintiff and Debtor agree on the ownership interest reflected in the Corrective Deed, the statute of frauds does not apply. Therefore, Plaintiff has pled sufficient facts to survive Defendant's first argument.

C. Consideration for the Additional Share

Defendant's second argument is that Count One should be dismissed because the Corrective Deed is invalid for lack of evidence of consideration supporting the modification. Dkt. No. 7. Under New Jersey law, "parties to an existing contract may by mutual assent, modify it." Cnty. of Morris v. Fauver, 153 N.J. 80, 99 (1998) (citing Bohlinger v. Ward & Co., 34 N.J. Super. 583, 587 (App. Div. 1955), aff'd, 20 N.J. 331 (1956)). However, an agreement to modify a contract "must be based on new or additional consideration." Id. at 100 (citing Ross v. Orr, 3 N.J. 277, 282 (1949)). "Any consideration for a modification, however insignificant, satisfies the requirement of new and independent consideration." Oscar v. Simeonidis, 352 N.J. Super. 476, 485 (App. Div. 2002) (citing Haynes Auto Repair Co. v. Wheels, Inc., 115 N.J.L. 447, 448 (N.J. 1935)).

While Plaintiff's and Debtor's intent to modify the original deed is alleged in the Complaint, there are no allegations of the reason for the change or value exchanged. Dkt. No 4. However, Plaintiff's objection and the certifications attached to it assert that Plaintiff and Debtor agreed to the modification because Plaintiff assumed additional duties and responsibilities as the Property's manager. Dkt. No. 9. Because that assertion is not in the Complaint, the Court cannot consider it. See Mayer, 605 F.3d at 230 (citing White Consol., 998 F.2d at 1196)). Accordingly, Defendant's Motion will be granted as to Count One. However, because it appears there are facts that could be alleged to satisfy the consideration requirement, the Court will allow Plaintiff twenty-one days to amend Count One.

D. Trustee's Standing as a BFP

Defendant's third argument asserts that Defendant is deemed a BFP of the Debtor's 76% interest under section 544 of the Bankruptcy Code. Dkt. No. 7. Therefore, Defendant argues, even if Debtor intended to transfer the additional 6% to Plaintiff, it would nevertheless be subject to

avoidance. Id. Plaintiff argues that Defendant's notice of the ownership dispute overcomes Defendant's status as a BFP. Dkt. No. 9-1.

Upon the filing of a bankruptcy case, a bankruptcy trustee is afforded the status of a BFP with respect to real property of the bankruptcy estate. 11 U.S.C. § 544(a)(3). A bankruptcy trustee takes property as a BFP subject to the limitations of applicable state law, with the bankruptcy trustee perfecting his legal interest at the date of the petition filing. In re Bridge, 18 F.3d 195, 199-200 (3d Cir. 1994). As a hypothetical BFP, the trustee is deemed to have searched the title records of the relevant property as of the petition filing date. Id. at 204. Since the trustee's rights are fixed as of the petition date, the trustee takes the property subject to any notice of adverse interests or state law limitations that were applicable as of the petition date. Id. at 199-200.

New Jersey is a race-notice state, such that a party that records first will prevail so long as it does not have notice of the other party's previous acquired interest. N.J.S.A. § 46:26A-12(c). Under New Jersey's race-notice statute, "parties are generally charged with constructive notice of instruments that are properly recorded." Cox v. RKA Corp., 164 N.J. 487, 496 (2000) (citing Friendship Manor, Inc. v. Greiman, 244 N.J. Super. 104, 108 (App. Div. 1990)). "Constructive notice is notice inferred from the record and it exists whether or not the purchaser inspects the record. It exists when the record reveals the outstanding claim even if the purchaser must make an inquiry to ascertain the validity of the claim." Roche v. Ocean Beach and Bay Club, 2019 WL 5544036 at *4 (N.J. Super. Ct. App. Div. 2019) (quoting 14 Powell on Real Property § 82.02(1)(d)(iv) (Michael Allan Wolf ed. 2019)). Further, "inquiry notice (notice inferred from secondary facts) exists when the purchaser has notice of some fact that, in accordance with human experience, is sufficiently curious or suspicious that the purchaser should be obliged to make a further inquiry into it." Id. "A purchaser who is placed on inquiry notice is chargeable with notice of such facts as might be ascertained by reasonable inquiry." Garden of Memories, Inc. v. Forest

Lawn Mem'l Park Ass'n, 109 N.J. Super. 523, 535 (App. Div. 1970) (citing McCrea v. Newman, 46 N.J. Eq. 473, 474 (N.J. Ch. 1890)).

Under New Jersey law, upon a transfer of certain commercial property, a named party to the deed must file an affidavit of consideration that must "be annexed to and recorded with the deed as a prerequisite for the recording of the deed." N.J.S.A. § 46:15-7.2(d)(1).[2] Therefore, a deed and affidavit of consideration are part of the same property record in the chain of title, with both providing notice. N.J.S.A. § 46:26A-12(a) (any recorded document affecting title to real property provides notice of its execution and contents to all subsequent purchasers, mortgagees, and judgment creditors).

In the Complaint, Plaintiff did not attach the Affidavit as an exhibit, nor did he allege that the Trustee had notice of any dispute concerning the ownership interest of the Property. Dkt. No. 4. However, the Court may consider the Affidavit because it is a public record. See Mayer, 605 F.3d at 230 (citing White Consol., 998 F.2d at 1196)). Furthermore, the deed and Affidavit were in the chain of title before the Petition Date. Id. As such, the Defendant is deemed to have notice of its contents. N.J.S.A. § 46:26A-12(a). Additionally, because Defendant is deemed to have conducted a title search as of the Petition Date, Defendant would have been aware of the conflicting ownership percentages reflected in the property record. Bridge, 18 F.3d at 204. The contradictory ownership interests in the recorded documents put Defendant on inquiry notice by providing sufficient facts to arouse suspicion that required further investigation to determine the true percentage of ownership held by each party. Because Defendant is charged with inquiry notice of the contradictory ownership percentage provisions, he would have been required to investigate

---

[2] The Property is a beach residence. Dkt. No. 4. However, it was bought as an investment property. Id. Even if the Property were properly classified as a residential property, an affidavit of consideration must still be attached to the deed upon its filing. N.J.S.A. § 46:15-7.2(d)(2).

the contradiction before claiming entitlement to the disputed 6% of the Property's sale proceeds. Therefore, Defendant cannot prevail on the Motion based on this argument.

E. Plaintiff's Standing to Assert Turnover

Defendant's fourth argument is that Count Two of the Complaint must be dismissed because Plaintiff lacks standing under section 550 of the Bankruptcy Code to seek turnover of the sale proceeds. Dkt. No. 7. The Court agrees that section 550 of the Bankruptcy Code only authorizes a trustee to recover property transferred in connection with an avoided transfer. 5 Collier on Bankruptcy ¶ 553.01 (16th ed. 2026) ("Section 550 of the Bankruptcy Code permits a trustee . . . to recover the property transferred or the value of the property transferred."). However, paragraph 37 of the Complaint (mentioning section 550) states a legal conclusion - it does not assert any facts. Dkt. No. 1 ¶ 37. Therefore, the Court disregards that paragraph. Yardley, 385 Fed. App'x. at 140 (citing Phillips, 515 F.3d at 233-34; Iqbal, 556 U.S. at 678-84). Nevertheless, the entirety of the Complaint alleges facts demonstrating that the deed was mutually modified to grant Plaintiff a 30% interest in the Property by the time of sale and that Plaintiff has only received 24% of the sale proceeds. Dkt. No. 4. Based on those allegations, Plaintiff is entitled to recover his remaining share of the sale proceeds and has stated a plausible claim for relief. Therefore, Plaintiff has pled sufficient facts for Count Two to survive the Motion.

**Conclusion**

The Complaint fails to state a claim as to Count One. However, Plaintiff has pled sufficient facts in his Complaint to establish a claim for relief as to Count Two. Therefore, the Motion is granted, in part, and denied, in part. However, the Court will allow Plaintiff twenty-one days to amend Count One.

Dated: October 8, 2026

JERROLD N. POSLUSNY, JR.
U.S. BANKRUPTCY COURT JUDGE